UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CARLOS LOPEZ-TELLEZ,  　　　　　　　　　　　Case No. 3:22-cv-00878-MC

　　　　Petitioner,　　　　　　　　　　　　　　OPINION AND ORDER

　　v.

DEWAYNE HENDRIX,

　　　　Respondent.
_____

MCSHANE, District Judge.

　　Petitioner, an inmate at the Federal Correctional Institution in Sheridan, Oregon, brought this habeas corpus action pursuant to 28 U.S.C. § 2241 seeking an order requiring the Bureau of Prisons (BOP) to recalculate his combined terms of imprisonment in accordance with his judgment of conviction. From the face of the Petition, it appeared that Petitioner had not exhausted his administrative remedies with BOP, and the Court ordered Petitioner to show cause why the Petition should not be dismissed without prejudice.

1 - OPINION AND ORDER

In response to the Court's Order, Petitioner submitted documents filed in *Lopez-Tellez v. Garnto*, Case No. 5:21-CV-00021, an action he brought under 28 U.S.C. § 2255 in the Southern District of Texas.[1] Based on those documents, it remains unclear whether Petitioner fully exhausted the BOP administrative remedy process by filing a final appeal with BOP's Office of General Counsel in Washington, D.C., as he was advised to do in April 2021. *See* (ECF No. 6-1 at 24). Even if Petitioner did not complete the administrative remedy process, I waive the exhaustion requirement in these particular circumstances because the record reflects that BOP will not grant the relief Petitioner seeks and further administrative appeals would be futile. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012) (stating that the exhaustion requirement is not jurisdictional and may be waived if pursuing administrative remedies would be futile).

Petitioner claims that BOP has miscalculated the total term of his imprisonment arising from convictions in the Southern District of Texas, Case No. 5:16-CR-01263-8, and the Southern District of Florida, Case No. 0:14-CR-60301. In the earlier case, Case No. 0:14-CR-60301, Petitioner was sentenced to sixty-three months' imprisonment after pleading guilty to a drug conspiracy offense. Several years later, in Case No. 5:16-CR-01263-8, Petitioner pled guilty to four drug and money laundering offenses, and the district court imposed a sentences of 151 months' imprisonment on all four counts. The court further ordered that the sentences run concurrent to each other and to the sixty-three month sentence imposed in Case No. 0:14-CR-60301, "for a total of 151 months." *See* (ECF No. 1 at 18-23). Petitioner maintains that BOP is not running his sentences concurrent to each other as required by the Judgment in Case No. 5:16-

---

[1] The district court in that case denied Petitioner's § 2255 motion without prejudice as to Petitioner's ability to file a § 2241 Petition. This Court takes judicial notice of the filings in Case No. 5:21-CV-00021 and in Petitioner's underlying criminal actions, Case Nos. 5:16-CR-01263-8 and 0:14-CR-60301.

2 - OPINION AND ORDER

CR-01263-8 and has miscalculated his total term of imprisonment to be approximately 189 months instead of 151 months.

Petitioner is mistaken. On May 15, 2015, Petitioner was sentenced to the 63-month term of imprisonment in Case No. 0:14-CR-60301 and on July 19, 2018, more than three later, he was sentenced to the 151-month aggregate term in Case No. 5:16-CR-01263-8. Petitioner's 151-month sentence could not be imposed retroactively to coincide with the commencement of his 63-month sentence and could run concurrent to only the remaining twenty-five months of his 63-month sentence. Accordingly, Petitioner's combined term of imprisonment for both cases totals approximately 189 months.

Petitioner nonetheless claims that the district court intended that he serve "a total of 151 months" for the counts of conviction in Case No. 5:16-CR-01263-8 *and* in Case No. 0:14-CR-60301 and implies that BOP should run his 151-month sentence concurrent to the entirety of his previous 63-month sentence. As explained above, the court in Case No. 5:16-CR-01263-8 did not and could not retroactively impose the 151-month sentence to run concurrent to the entire 63-month sentence previously imposed in Case No. 0:14-CR-60301. Moreover, at the sentencing hearing in Case No. 5:16-CR-01263-8, the district court summarized the imposition of sentence as follows: "It's 151 months' custody sentence. And then it is -- let me just look at the way -- as to Counts 3, 5, 6 and 8, all to run concurrent for a total of 151 months. And then I'm doing it concurrent to the 63 months that you received in 0:14-CR-60301 COHN-1." *See* Sentencing Transcript at 38, Case No. 5:16-CR-01263-8 (S.D. Tex.) (ECF No. 1713). Consequently, the Judgment in Case No. 5:16-CR-01263-8 can fairly be interpreted as imposing a "total of 151 months" of imprisonment for the four counts of conviction in 5:16-CR-01263-8 and not for the totality of Petitioner's offenses in both cases.

3 - OPINION AND ORDER

For these reasons, BOP did not miscalculate Petitioner's total term of imprisonment and he is not entitled to habeas relief.

## CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED and this action is DISMISSED.

IT IS SO ORDERED.

DATED this 11th day of January, 2023.

>   s/ Michael J. McShane
>   MICHAEL J. MCSHANE
>   United States District Judge

4 - OPINION AND ORDER